FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 FEB 10 AM 8: 01

CLERK _L. Fielder_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DONNIE LEE BOONE, JR.,          )
                                )
         Petitioner,            )
                                )
    v.                          )   CV 105-104
                                )
ANTHONY WASHINGTON, Warden, and )
THURBERT BAKER, Attorney General, )
                                )
         Respondents.           )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner filed a petition for writ of habeas corpus under Title 28, United States Code, Section 2254. Respondents filed a motion to dismiss the petition as untimely. Doc. 4.[1] For the reasons that follow, the Court recommends that the motion to dismiss be **GRANTED** and that judgment be **ENTERED** in favor of respondent Washington.

### I. BACKGROUND

On July 5, 1994, a grand jury sitting in Richmond County, Georgia, indicted petitioner and two co-defendants on charges of armed robbery, kidnaping, aggravated assault, and possession of a firearm during the commission of a crime. A jury convicted petitioner

---

[1] Respondent Baker also has filed a motion to dismiss on the ground that he is not a proper party. Because petitioner is not in respondent Baker's custody and, according to respondent Baker, will not be in his custody in the future, the Court recommends that the motion to dismiss filed by respondent Baker, Doc. 6, be **GRANTED**.

on each count of the indictment on October 28, 1994. A state judge sentenced him to thirty-five years in prison on November 22, 1994. Resp. Ex. 5 at 299.

Petitioner appealed the conviction and sentence to the Georgia Court of Appeals, and the Court of Appeals vacated petitioner's aggravated assault conviction while affirming his remaining convictions on May 19, 2001. Boone v. Georgia, 549 S.E.2d 713 (Ga. App. 2001). The Court of Appeals denied petitioner's motion for reconsideration on June 19, 2001. Resp. Ex. 10. Petitioner did not file a petition for writ of certiorari with the Georgia Supreme Court or with the United States Supreme Court.

On May 3, 2002, petitioner filed a state habeas petition. After holding an evidentiary hearing, the state habeas court denied relief on April 14, 2004. Resp. Ex. 2 at 4-9. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal the denial on October 25, 2004. Resp. Ex. 3. The instant federal petition for writ of habeas corpus was filed under Section 2254 on July 6, 2005.

## II. DISCUSSION

### A. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. Title 28, United States Code, Section 2244 provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

2

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final when his opportunity for filing a petition for writ of certiorari with the Georgia Supreme Court expired. See Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (per curiam) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). In Georgia courts, a defendant has ten days from the state appellate court's decision to file a notice of his intent to seek certiorari in the Georgia Supreme Court. Ga. Supreme Ct. R. 38(1). Thus, petitioner's conviction became final on June 29, 2001, ten days after the Georgia Court of Appeals entered its decision.

Petitioner's statute of limitations was then tolled under Section 2244(d)(2) while he pursued state habeas remedies. Petitioner waited until May 3, 2002, or 308 days to file for state habeas relief. Petitioner's state habeas case ended on October 25, 2004, after the

3

Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal. Petitioner then had 57 days to file his petition for federal habeas relief.

Petitioner, however, waited until July 6, 2005, to file for federal habeas relief, 254 days from the end of his state habeas case and 197 days past the expiration of the applicable statute of limitations. Petitioner offers no argument for tolling the statute of limitations under any other provision of Section 2244(d)(1). Accordingly, the instant petition should be dismissed as untimely.

### B. Equitable Tolling

In his response to respondents' motion to dismiss, petitioner argues that changes to Georgia state prison libraries have caused him to file his habeas petition late. According to petitioner, state prisons recently began offering computers for legal research, but petitioner asserts that prisoners were not trained in "computer literacy."

A court may equitably toll the statute of limitations when "extraordinary circumstances that are both beyond [a petitioner's] control and unavoidable even with diligence" have worked to prevent a timely filing. Helton v. Secretary for the Dep't of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001). Equitable tolling is applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances," Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), aff'd, 544 U.S. 295 (2005).

The Court does not find this to be a compelling case for equitable tolling. Whatever the degree of petitioner's unfamiliarity with computer legal research or with other changes in prison law libraries, he was not prevented access to the forms required to file a Section

4

2254 or state habeas petition. Petitioner filed his Section 2254 petition 197 days late, and the late filing is not excused by his asserted unfamiliarity with computer research.

## III. CONCLUSION

For the reasons set forth above, the Court finds that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court recommends that the motion to dismiss, Doc. 4, be **GRANTED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of respondent Washington. Because respondent Baker is an improper party, the Court also recommends that his motion to dismiss, Doc. 6, be **GRANTED**.

SO REPORTED and RECOMMENDED this 10th day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE